**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TION BELL and CHRISTIAN ZARAGOZA, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PETCO ANIMAL SUPPLIES STORES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 1:22-cv-06455 |

**NOTICE OF REMOVAL**

Defendant Petco Animal Supplies Stores, Inc. ("Petco") hereby removes this putative class action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Act Fairness Act ("CAFA") because the purported class size exceeds 100, minimal diversity exists, and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441; 1446; 1332(d); 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.    State Court Action**

On October 18, 2022, Plaintiffs Tion Bell and Christian Zaragoza ("Plaintiffs") filed a putative class action complaint ("Complaint") against Petco in the Circuit Court of Cook County, Illinois, No. 22CH10287. Petco received a copy of the Complaint and Summons with a request to waive formal service on October 19, 2022, and executed the waiver of service on November 1, 2022. (*See* Ex. A, Waiver of Service.) Plaintiffs allege that Petco violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by collecting their "voice templates" or "voiceprints" through Vocollect technology. (Ex. A, Compl. ¶¶ 35–43.)

Plaintiff asserts four separate claims under BIPA on behalf of themselves and a putative class of Petco employees. (*Id.* ¶ 63–66.) First, Plaintiffs allege Petco violated BIPA Section 15(b)(3) by "failing to obtain written releases from Plaintiffs and the Class before it collected, used, and stored their biometric identifiers and biometric information." (*Id.* ¶ 63.) Second, Plaintiffs allege Petco violated BIPA Section 15(b)(1) by "failing to inform Plaintiffs and the Class in writing that their biometric identifiers were being collected or stored." (*Id.* ¶ 64.) Third, Plaintiffs allege Petco violated BIPA Section 15(b)(2) by "failing to inform Plaintiffs and the Class in writing of the specific purpose and length of term for which their biometric identifiers was [sic] being collected stored, and used." (*Id.* ¶ 65.) Fourth, Plaintiffs allege Petco violated BIPA Section 15(a) by "failing to publicly provide a retention schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information and by failing to comply with such a policy." (*Id.* ¶ 66.) Plaintiffs seek injunctive relief, attorneys' fees and expenses, and statutory damages of $1,000 "for each of Defendant's negligent violations" or $5,000 for each "intentional or reckless violation." *See* 740 ILCS 14/20. (*Id.* ¶ 68.)

Plaintiff defines the putative class as follows:

> All persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted.

(*Id.* ¶ 50.)

## II. Removal is Proper under CAFA.

This Court has jurisdiction under CAFA because the lawsuit is a purported "class action," (*id.* ¶¶ 50–56), in which (A) the putative class size includes at least 100 persons; (B) minimal diversity exists; and (C) the amount in controversy exceeds $5 million. *See* 28 U.S.C.

2

§§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2), (d)(5)(B) (listing requirements for removal under CAFA); 1446 (permitting removal).

### A. The Putative Class Includes More Than 100 Members.

To be removable under CAFA, a purported class action must include at least 100 putative members. 28 U.S.C. § 1332(d)(5)(B). Here, removal is appropriate because Plaintiffs allege there are "over 100 workers who fall into the definition of the class." (Ex. A, Compl. ¶ 52.)

### B. Minimal Diversity Exists.

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Petco is the only named defendant.[1] Plaintiffs are citizens of Illinois, (Ex. A, Compl. ¶ 23), and Petco has citizenship in Delaware and California. (Ex. B, Declaration of Giovanni Insana ¶ 4–5.) *See* 28 U.S.C. § 1332(c)(1) (providing "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business"). Thus, the parties are minimally diverse.

### C. The Amount in Controversy Exceeds $5,000,000.

For removal, CAFA requires the amount in controversy to "exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). To determine whether the amount in controversy is met, "the claims of the individual [purported] class members shall be aggregated." *Id*. § 1332(d)(6).

---

[1] Honeywell International, Inc.'s ("Honeywell") status as a Respondent in Discovery does not affect the removal analysis because "a respondent in discovery is not a party to a lawsuit." *Allen v. Thorek Hosp.*, 656 N.E.2d 227, 233 (Ill. App. Ct. 1995)). Honeywell's citizenship is irrelevant to the question whether minimal diversity exists under CAFA. *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *4 (N.D. Ill. Oct. 2, 2000); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n.3 (7th Cir. 1996).

Plaintiffs seek to represent a Class of persons whose voiceprints were obtained by Petco in Illinois. (Ex. A, Compl. ¶ 50.) They assert four types of alleged BIPA violations and seek statutory damages up to $5,000 for "each" violation per class member. (*Id*. ¶¶ 57–68.) In other words, Plaintiffs are seeking damages of at least $20,000 for each putative class member. Plaintiff alleges that over 100 putative members have used the Vocollect technology at Petco's Illinois locations in the five years preceding the filing of the Complaint.[2] Compl. ¶ 52. This action would surpass the $5 million threshold with just 251 putative class members. By Plaintiff's allegations it is plausible that 251 employees allegedly used the Vocollect technology at Petco's Illinois locations in the past five years preceding the filing of the complaint. Accordingly, the Complaint readily satisfies the required amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").[3]

### III. The procedural requirements for removal have been satisfied.

This notice is timely. Petco received a copy of the Complaint and Summons with a request to waive formal service on October 19, 2022, executed the waiver of service on November 1, 2022, (Ex. A, Waiver of Service), and files this Notice of Removal on November 17, 2022. *See* 28 U.S.C. § 1446(b) (requiring defendant to file notice of removal within 30 days after receipt of initial

---

[2] The Illinois Supreme Court is deciding whether a five-year or one-year statute of limitations applies to BIPA claims. *See Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 1029 (Table) (Ill. Jan. 26, 2022) (allowing appeal).

[3] Although the amount in controversy exceeds $5,000,000 for removal purposes, Petco denies liability or that Plaintiff is entitled to any such damages.

pleading). This notice includes all records in the state court action. *See id*. § 1446(a). (Ex. A.) Petco is today serving a Notice of Filing Notice of Removal on all parties and filing the Notice with the Circuit Court of Cook County. *Id*. § 1446(d).

Dated: November 17, 2022

Respectfully submitted,

PETCO ANIMAL SUPPLIES STORES, INC.

By: /s/ Erin Bolan Hines

Erin Bolan Hines (ehines@shb.com)
Mehgan E. H. Keeley (mkeeley@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

***Attorneys for Defendant Petco Animal Supplies Stores, Inc.***

## CERTIFICATE OF SERVICE

I, Erin Bolan Hines, an attorney, hereby certify that on **November 17, 2022**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Bell, et al. v. Petco Animal Supplies Stores, Inc.*, Case No. 2022 CH 10287, in the Circuit Court of Cook County, addressed as follows:

>Mara Baltabols
>David Fish
>FISH POTTER BOLAÑOS, P.C.
>200 East Fifth Avenue, Suite 123
>Naperville, IL  60563
>mara@fishlawfirm.com
>dfish@firshlawfirm.com
>
>***Attorneys for Plaintiff***

>_/s/Erin Bolan Hines_
>Erin Bolan Hines