# Exhibit A

FILED
10/18/2022 11:18 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH10287
Calendar, 7
19934285

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TION BELL and CHRISTIAN ZARAGOZA, individually and on behalf of all others similarly situated,

*Plaintiffs*,

v.

PETCO ANIMAL SUPPLIES STORES, INC.

*Defendant.*

and HONEYWELL INTERNATIONAL, INC

*Respondent in Discovery*

Case No.:

## CLASS ACTION COMPLAINT

Plaintiffs Tion Bell and Christian Zaragoza (collectively "Plaintiffs") bring this Class Action Complaint ("Complaint") against Defendant Petco Animal Supplies Stores, Inc., ("Petco" or "Defendant") for collecting voiceprint and voice template data in violation of the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

## NATURE OF THE ACTION

1. Defendant Petco is a leading chain of more than 1,500 pet stores throughout North America.

2. Plaintiffs worked at Petco's centers in Illinois.

3. Petco operates its distribution centers through the use of voiceprints and voice/speaker recognition technology called "Vocollect" (also known as the "Talkman").

4. The Vocollect system is sold and managed by Respondent in Discovery Honeywell International, Inc. Honeywell claims its Vocollect system (which it offers as part of its

1

FILED DATE: 10/18/2022 11:18 AM    2022CH10287

Honeywell Voice products) is used by more than one million users on a daily basis. A picture of it is depicted below:



5.      Through use of Honeywell's Vocollect technology, Defendant creates workers' voiceprints, voice patterns or templates, which are then used to enable its workers to interact with Petco's warehouse technology to identify a worker.[1]  As exampled in the Vocollect manual under "Training the Talkman Terminal to Recognize an Operator's Voice" it explains that:  "The first time an operator uses a terminal in the Talkman system at your site, the operator must train the system to understand his or her speech by speaking the vocabulary words used at the particular site."[2]

5.      Specifically, at the beginning of a warehouse worker's training, a worker is required to provide Petco with personal speech patterns by reading a series of voice template words repeatedly into Petco's voice recognition software until a voiceprint or template of his voice is

---

[1] Within the biometric industry, a voice template is also called a voiceprint and is considered biometrics. *See e.g.* https://www.idrnd.ai/voice-biometrics/ (stating that a "'voiceprint' is also called a 'voice template'" and comparing it to a fingerprint in the field of biometrics).

[2] https://fccid.io/MQOTT600-40300/User-Manual/Revised-User-Manual-266998.  It does on to explain:  "Always speak in your normal tone of voice.  You are training the Talkman terminal to recognize words you say in your normal voice."

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

created, and the software is trained to understand his idiosyncratic way of speaking and to specifically identify and recognize the individual worker and his voice.

7.     Honeywell markets its Vocollect product to companies by, for example, testimonials that explain the benefits of quick productivity and training: "once they do their voice template on the Vocollect system, I can have them up to speed in two or three days".[3]   Honeywell describes voice training as an application that creates a "voice template".   In goes on to explain that:

> "All new technicians must train their voice templates (all the common words that they will use in the voice-directed workflow) in order to perform an inspection with the Honeywell Voice Maintenance & Inspection Solution. The RapidStart application automatically guides technicians through the template training process." [4]

8.     This voice template or voiceprint sets forth the worker's voice pattern, then becomes part of that worker's data file which contains the worker's name, the employee number and his voiceprint.   The Vocollect manual states that during training, the user is asked to repeat each word four time and then "the software then stores one version of each word in template files for that operator."

9.     The Vocollect system relies on data transmissions between a customer's host system, Vocollect VoiceCheck, and devices worn by technicians performing inspections. Vocollect describes the interaction as follows on its Internet page:

---

[3] https://www.youtube.com/watch?v=-NDUgHrgVCI

[4] https://help.honeywellaidc.com/Software/Inspection/en-us/Content/Installation/UserTraining_RapidStart.htm?TocPath=Implementation%C2%A0Guide%7CUser%20Options%7CVoiceCatalyst%20M%26I%C2%A0for%20PC%7C_____2

FILED DATE: 10/18/2022 11:18 AM    2022CH10287



10.     At work, the employee's number is put into a wireless device containing, among other things, Petco's voice recognition software, that works with a headset. The voice template portion of his operator data file then loads into the device from a central database known as a voice console, where operator data files, including biometric voiceprints, are stored.

11.     Thereafter, the worker is sent orders from a central worker management computer through a headset, and executes those orders by interacting and having a dialogue with the voice recognition software which responds based upon the worker's voiceprint or template.

12.     The software does this by breaking down and analyzing the real time version of the worker's voice, essentially breaking it into small patterns, and comparing voice with the characteristics of his voiceprint or voice template on which the voice recognition technology has been trained, thus effectively recognizing and identifying the worker.

13. The voiceprints are not merely voice "recordings" but biometric identifiers that are influenced by both the physical structure of an operator's vocal tract and the employee's specific vocal behavioral characteristics. As a worker's voice changes in different environments, the software adjusts the template to account for changes in the worker's voice, thereby changing the voiceprint to further refine its ability to recognize and ability to identify the worker.

14. The use of biometric voiceprints are a material benefit to Defendant, because it increases overall efficiency at distribution and fulfillment centers by identifying the individual's voice patterns as they give commands.

15. A voiceprint or voice template, as used by the Vocollect system, is unique to each individual employee and is part of the operator's stored data file that also contains name and employee number and is therefore identified solely with that worker.

16. While Plaintiffs and the Class members were required to provide their voiceprints or voice templates for Petco's voice/speaker recognition technology, they were never first asked for their consent, nor were they ever provided with a written policy regarding the use of their biometric identifiers as required under BIPA.

17. Moreover, they were never told whether their voiceprints would be deleted from the Defendant's systems or when they would be deleted.

18. While there may be certain benefits to using biometric technology in the workplace, there are also serious risks. The voiceprints at issue here are unique, permanent biometric identifiers associated with an employee which, if obtained by hackers, particularly since they are part of the operator data file, can be manipulated and used to commit identity theft.

19. Defendant's collection and storage of biometric identifiers and/or biometric information in a central voice console, along with the rest of their workers' operator data files, which could be

5

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

hacked or breached, exposed and continues to expose Plaintiffs and Class members to serious and irreversible privacy risks.

20.     Recognizing the need to protect its citizens from situations like these, Illinois enacted BIPA, specifically to regulate companies that collect and store Illinois citizens' biometric identifiers, including voiceprints such that those at issue here.

21.     Despite this law, Defendant, knowing full well what the law is respecting the collection, possession and use of biometric identifiers, and voiceprints in Illinois, disregards its workers' statutorily and common law protected privacy rights and unlawfully collects, captures, possesses, stores, and uses their biometric identifiers in violation of the BIPA. Specifically, Defendant has violated (and continues to violate) BIPA because it did not:

- Develop and issue a written policy governing the collection, maintenance and destruction of its workers' voiceprints or biometric identifiers, failed to comply with any written policy governing the destruction of such biometric identifiers, and failed to timely destroy Plaintiffs' and the Class' biometric identifiers, specifically their voiceprint or voice templates;

- Properly inform Plaintiffs and the Class members in writing of the specific purpose and length of time for which their biometric identifiers or voiceprints were being collected, stored, and used, as required by the BIPA;

- Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiffs' and the Class' voiceprints, as required by the BIPA; and

- Receive a written release from Plaintiffs or Class members to collect, capture, or otherwise obtain their biometric identifiers or voiceprints, as required by the BIPA.

6

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

22.     Accordingly, this Complaint seeks an order: (i) declaring that Defendant's conduct violates BIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; (iii) awarding liquidated damages to Plaintiffs and the Class; (iv) awarding Plaintiffs and the Class statutory damages for such violations; and (v) enjoining Defendant from its continued violations of BIPA by, among other things, causing it to issue and comply with a written policy regarding the collection, use, possession, storage and destruction of biometric data, and deleting from any of its data bases and systems, including it central voice console, the biometric data of Plaintiffs and Class Members.

## PARTIES

23.     Plaintiffs are natural persons and citizens of the State of Illinois at the time their voiceprint was taken.

24.     Defendant Petco is one of the largest pet retailers in the world and is a foreign BCA Corporation.

## JURISDICTION AND VENUE

25.     This Court has personal jurisdiction over Defendant because Defendant conducted business in Illinois and in this County.

26.     This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 because Defendant conducts business transactions in Illinois and have committed tortious acts in Illinois.

27.     Venue is proper in Cook County because Defendant operates throughout this County and "resides" in Cook County within the meaning of 735 ILCS § 5/2-102(a).

## FACTUAL BACKGROUND

28.     In the early 2000's, major national corporations started using Chicago and other

FILED DATE: 10/18/2022 11:18 AM  2022CH10287

locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(b). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing, yet unregulated technology. *See* 740 ILCS 14/5.

29.     In late 2007, a biometrics company called Pay By Touch—which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly there was a serious risk that millions of fingerprint records—which are unique biometric identifiers that can be linked to people's sensitive financial and personal data— could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

30.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5. BIPA is an informed consent statute that achieves its goal by making it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it *first*: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3)

8

FILED DATE: 10/18/2022 11:18 AM  2022CH10287

receives a written release executed by the subject of the biometric identifier or biometric

information. 740 ILCS 14/15(b) (emphasis added).

31.     Biometric identifiers are defined to include a "voiceprint".  *See* 740 ILCS 14/10.

32.     Biometric information is separately defined to include any information, regardless

of how it is captured, converted, stored, or shared, based on an individual's biometric identifier

that is used to identify an individual. *See id.*

33.     Voice recordings that are analyzed and made into a template of someone's voice

such that it enables that person to interact with a particular software that then

recognizes that person and his/her voice are biometric identifiers.

34.     BIPA specifically provides that biometric identifiers, such as those at issue here,

*or* biometric information cannot be obtained without first obtaining a person's consent, and that

the retention and destruction of biometric identifiers or biometric information must be subject to

a written policy respecting their retention and destruction.

## II.     Petco Violate the Biometric Information Privacy Act.

35.     By the time BIPA passed through the Illinois Legislature in mid-2008, many

companies who had experimented with using biometric data as an authentication method stopped

doing so, at least for a time. That is because Pay By Touch's bankruptcy, described in Section I

above, was widely publicized and brought attention to consumers' discomfort with the use of

their biometric data.

33.     Unfortunately, Defendant, despite knowing about BIPA and its requirements,

specifically continues to collect, store, and use its workers' biometric identifiers in violation of

the BIPA.

34.     Defendant uses a version of Honeywell's Vocollect Solutions.  Vocollect is a

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

voiceenabled, voice technology system, used often in warehouses, which allows warehouse workers to engage in real-time communications with the Vocollect software. The Vocollect software recognizes the individualized patterns of a worker's voice, and his peculiar behavioral patterns by breaking down his voice into small samples, which the software then analyzes and compares to the template on which it has been trained.

34.     An operator data file is first created and then stored and consists of the worker's individual identifiers, including name, employee number and the template or voiceprint of voice that the employee created such that the voice template is identified with both the worker and employee number through the data file.

35.     Specifically, when warehouse workers first begin working at one of Defendant's warehouses or distribution facilities, they are required to engage in lengthy training sessions during which they not only learn the system but create a personalized template of their voice and train the system's software to recognize and identify their voice.

36.     During this training, workers are required to repeatedly read long lists of certain words into the system that allows the Vocollect software to create a template of the voice of that particular worker and trains the voice recognition software to understand and identify the voice of that particular worker.

37.     The system then creates an individualized voice template that is stored in a central host computer, known as a voice console, that contains the unique voice template of each warehouse worker or picker as part of that operator's data file.  The training exercise, which is speaker dependent, essentially trains the system to recognize that worker's voice and verbal patterns, which then culminate in the creation of a voiceprint or voice template for that worker.

38.     The voiceprint or voice template, similar to a fingerprint, allows the system's

10

FILED DATE: 10/18/2022 11:18 AM  2022CH10287

software to identify the worker's voice by comparing the voice on the template to the words being spoken by the worker in real time so that the worker can interact with the software.  As Honeywell itself has indicated, the system is a speaker- dependent voice recognition technology. It is dependent upon the measurement and analysis of a worker's unique physical behavioral characteristics or voice pattern.  It is a record of mechanical measurement of a worker's voice, that allows the system to recognize the worker's voice and thus the worker, so that it can interact with that worker.

39.    In the event that Petco's systems are breached or hacked, a hacker could have access to the operator data profiles, including an operator's name and his associated voiceprint or voice templates, from which it could manipulate those personalized voiceprints for its own wrongdoing and misuse.

40. Defendant intentionally, recklessly or negligently failed to inform its workers of the complete purposes for which it collects their sensitive biometric identifiers or to whom the identifier is disclosed, if at all, and failed to obtain their knowing consent to use their biometric identifier.

41.    Defendant intentionally, recklessly or negligently failed to timely provide its workers with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its workers' voiceprints when the initial purpose for collecting or obtaining their voiceprints is no longer relevant, as required by BIPA.  A worker who leaves the company does so without any knowledge of when his biometric identifiers will

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

be removed from Defendant's databases -- or if they will ever be.  Moreover, Defendant failed to issue or comply with any written schedule.

42.   The Pay By Touch bankruptcy that catalyzed the passage of BIPA highlights why conduct such as Defendant's is so dangerous. That bankruptcy spurred Illinois citizens and legislators to realize a critical point: it is crucial for people to understand when providing biometric identifiers who exactly is collecting it, who it will be transmitted to, for what purposes, and for how long. But Defendant disregards these obligations, and instead unlawfully collects, stores, and uses its employees' and workers' biometric identifiers without proper consent.

43. Ultimately, Defendant disregards its employees' and workers' statutorily protected privacy rights by violating the BIPA.

## FACTS SPECIFIC TO PLAINTIFFS

44. Plaintiffs were warehouse workers at Petco's Illinois-based distribution facility.

45. Defendant required Plaintiffs to spend time creating a voiceprint or voice template by repeatedly reading words into the system.

46. Defendant never informed Plaintiffs of the specific limited purposes or length of time for which it collected, stored, or used this biometric identifier. Similarly, Defendant never informed Plaintiffs of any biometric identifier retention policy it developed, or whether it will ever permanently delete his biometric identifying information.

47. Plaintiffs never signed a written release allowing Defendant to collect or store a voiceprint.

48. Plaintiffs has continuously and repeatedly been exposed to the risks and harmful

conditions created by Defendant's violations of BIPA alleged herein, including the risk that Plaintiffs' voiceprint or voice template will be obtained by hackers who could then misuse it to, among other things, steal his identity and commit identity theft.

49. Plaintiffs and the Class now seek statutory damages under BIPA as compensation for the injuries Defendant has caused as well as injunctive or other relief.

## CLASS ALLEGATIONS

50. Plaintiffs brings this action on behalf a Class of similarly situated individuals, defined as follows:

> All persons, within the applicable statute of limitations, who had their voiceprint collected, captured, received, otherwise obtained, or disclosed by Defendant in Illinois, without their consent, and/or who failed to have their voiceprint timely deleted.

51. The following people are excluded from the Class: (1) any judge presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, agents, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. **Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but it is clear that individual joinder is impracticable. Defendant has collected, captured, received, or otherwise obtained biometric identifiers from over 100 workers who fall into the definition of the Class. Ultimately, the Class members will be easily identified through Defendant's records.

13

FILED DATE: 10/18/2022 11:18 AM    2022CH10287

53.  **Commonality** and **Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

  a)   whether Defendant collected, captured, or otherwise obtained Plaintiffs' and the Class's biometric identifiers in the form of voiceprints or voice templates;

  b)   whether Defendant properly informed Plaintiffs and the Class of its purposes for collecting, using, and storing their biometric identifiers;

  c)   whether Defendant issued a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs' and the Class's biometric identifiers;

  d)   whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

  e)   whether Defendant complies with any such written policy (if one exists); and

  f)   whether Defendant used Plaintiffs' and the Class' voice prints to identify them.

54.  **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiffs has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and his counsel are committed to vigorously prosecuting this Action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor his counsel have any interest adverse to those of the other members of the Class.

14

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

55. **Appropriateness**:  This class action is appropriate for certification because class proceedings are superior to all others available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct.

56.      Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in the Amended Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

## COUNT I
### Violation of 740 ILCS 14/1, *et seq*
### (On Behalf of Plaintiffs and the Class)

57. Plaintiffs incorporates the foregoing allegations as if fully set forth herein.

58. BIPA requires companies to obtain informed written consent before acquiring biometric identifiers from employees or workers, among others. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless [the entity] first:

(1)      informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored.

15

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

(2)      informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; *and*

(3)      receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

59. BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and--importantly--deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (*i.e.*, when the employment relationship ends); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

60. Defendant failed and continues to fail to comply with these BIPA mandates.

61. Defendant is a corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

62. Plaintiffs and the Class are persons who had their "biometric identifiers" collected by Defendant, as explained in detail in Section II.  *See* 740 ILCS 14/10.

63. Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiffs and the Class before it collected, used, and stored their biometric identifiers and biometric information.

64. Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiffs and the Class in writing that their biometric identifiers were being collected and stored.

65. Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiffs and the Class in writing of the specific purpose and length of term for which their biometric identifiers was being collected, stored and used.

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

66. Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying its workers' biometric identifiers and biometric information and by failing to comply with such a policy.

67. By collecting, storing, and using Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiffs' and the Class' rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA. 740 ILCS 14/1, *et. seq.*

68. On behalf of themselves and the Class, Plaintiffs seeks:

> (A)     Injunctive and equitable relief as necessary to protect the interests of the Plaintiffs and the Class by requiring Defendant to comply with BIPA's requirements for the collection, possession, storage, and use of biometric identifiers as described herein;

> (B)     Injunctive and equitable relief as necessary to protect the public good and the public's right to the issuance of a written policy and to ensure that Defendant complies with the written policy;

> (C)     Statutory damages of $1,000 per violation for each of Defendant's negligent violations of the BIPA pursuant to 740 ILCS 14/20(1) or $5,000 for Defendant's intentional or reckless violation of BIPA pursuant to 740ILCS 14/20(2); and

> (D)     reasonable attorneys' fees and costs and expenses pursuant to 740 ILCS14/20(3).

## COUNT II

Plaintiffs seeks discovery against Honeywell, Inc. as a Respondent in Discovery.

FILED DATE: 10/18/2022 11:18 AM    2022CH10287

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully request that the Court enter an Order:

A.     Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiffs as representative of the Class, and appointing his counsel as Class Counsel;

B.     Awarding statutory damages of $1,000 for each of Defendant's violations of BIPA,    pursuant to 740 ILCS 14/20(1) and/or $5,000 for each of Defendant's violations of BIPA, pursuant to 740 ILCS 14/20(2);

C.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including an Order requiring Defendant to collect, store, and use biometric identifiers or biometric information in compliance with BIPA.

D.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the public in Defendant's issuance of a written policy governing its collection, maintenance and deletion of biometric identifiers;

E.     Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys' fees;

F.     Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

G.     Awarding such other and further relief as equity and justice may require.

Dated: October 18, 2022                          Respectfully submitted,

                                                 /s/   Mara Baltabols
                                                 One of Plaintiffs' Attorneys

18

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

David Fish
Mara Baltabols
**FISH POTTER BOLAÑOS, P.C.**
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
dfish@fishlawfirm.com
mara@fishlawfirm.com
docketing@fishlawfirm.com

*Attorneys for Plaintiffs*

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|

Cook ▾ COUNTY

**For Court Use Only**

FILED
10/18/2022 11:18 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH10287
Calendar, 7
19934285

**Instructions ▾**

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Enter the names of all people you are suing as Defendants/ Respondents.

Enter the Case Number given by the Circuit Clerk.

**TION BELL and CHRISTIAN ZARAGOZA, individually and on behalf of all others similarly situated**

Plaintiff / Petitioner *(First, middle, last name)*

v.

**PETCO ANIMAL SUPPLIES STORES, INC. and HONEYWELL INTERNATIONAL, INC.(Respondent in discovery)**

Defendant / Respondent *(First, middle, last name)*

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**Case Number**

Hearing Date: 2/15/2023 9:45 AM
Location: Court Room 2405
Judge: Reilly, Eve M

**IMPORTANT INFORMATION:**

There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org.

**Plaintiff/Petitioner:**

Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons, Small Claims Summons, or Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent.

In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here.

**1. Defendant/Respondent's address and service information:**

a. Defendant/Respondent's primary address/information for service:

Name *(First, Middle, Last)*:   PETCO ANIMAL SUPPLIES STORES, INC.

Registered Agent's name, if any:   c/o PRENTICE HALL CORPORATION

Street Address, Unit #:   801 ADLAI STEVENSON DRIVE

City, State, ZIP:   SPRINGFIELD, ILLINOIS 62703

Telephone:                    Email:

In **1b**, enter a second address for Defendant/ Respondent, if you have one.

b. If you have more than one address where Defendant/Respondent might be found, list that here:

Name *(First, Middle, Last)*:

Street Address, Unit #:

City, State, ZIP:

Telephone:                    Email:

In **1c**, check how you are sending your documents to Defendant/ Respondent.

c. Method of service on Defendant/Respondent:

☐ Sheriff          ☐ Sheriff outside Illinois:  *County & State*

☐ Special process server          ☐ Licensed private detective

SU-S 1503.2                    Page 1 of 4                    (06/21)

FILED DATE: 10/18/2022 11:18 AM 2022CH10287

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:**<br>Amount claimed: $ 50,000.01 |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: FISH POTTER BOLANOS,P.C.<br>Street Address, Unit #: 200 E. 5TH AVENUE, SUITE 125<br>City, State, ZIP: NAPERVILLE, ILLINOIS 60563<br>Telephone: 312-861-1800  Email: docketing@fishlawfirm.com |

---

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

---

| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*.<br>To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at illinoiscourts.gov/documents-and-forms/approved-forms/. |
|---|---|

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | **4.** **Instructions for person receiving this** *Summons* **(Defendant):**<br><br>[X] a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served *(not counting the day of service)* by e-filing or at:<br>Address: CIRCUIT COURT OF COOK COUNTY<br>City, State, ZIP: 50 W. WASHINGTON STREET, CHICAGO, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response.* | [ ] b. Attend court:<br>On: _____ at _____ [ ] a.m. [ ] p.m. in _____<br>*Date*   *Time*    *Courtroom*<br>In-person at:<br>_____<br>*Courthouse Address*  *City*    *State*   *ZIP*<br>OR |
| In **4b**, fill out:<br>• The court date and time the clerk gave you.<br>• The courtroom and address of the court building.<br>• The call-in or video information for remote appearances (if applicable).<br>• The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"):<br>By telephone: _____<br>*Call-in number for telephone remote appearance*<br>By video conference: _____<br>*Video conference website*<br>_____<br>*Video conference log-in information (meeting ID, password, etc.)*<br><br>Call the Circuit Clerk at: _____ or visit their website<br>*Circuit Clerk's phone number*<br>at: _____ to find out more about how to do this.<br>*Website* |

| | |
|---|---|
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** _____<br>10/18/2022 11:18 AM IRIS Y. MARTINEZ<br>**Clerk of the Court:** _____<br><br>*Seal of Court* |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | **This** *Summons* **must be served within 30 days of the witness date.**<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

| STATE OF ILLINOIS, CIRCUIT COURT | PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|

Cook ▼ COUNTY

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | **TION BELL and CHRISTIAN ZARAGOZA, individually** and on behalf of all others similarly situated |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter the names of all people you are suing as Defendants/ Respondents. | v. **PETCO ANIMAL SUPPLIES STORES, INC. and HONEYWELL INTERNATIONAL, INC.(Respondent in discovery)** |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)*

**Case Number** _____

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ **I served the *Summons* and Complaint/Petition on the Defendant/Respondent**

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
  Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address, Unit#: _____
  City, State, ZIP: _____
  And left it with: _____
          *First, Middle, Last*
  Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
             *First, Middle, Last*
  Male ☐   Female ☐   Non-Binary ☐   Approx. Age: _____   Race: _____
  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____

*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:** _____

*Signature by:* ☐ Sheriff
          ☐ Sheriff outside Illinois:

_____
*County and State*

☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return: $ _____
Miles _____ $ _____
Total $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

*(left margin:)* FILED DATE: 10/18/2022 11:18 AM   2022CH10287

FILED
10/18/2022 4:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH10287
Calendar, 7
19945725

FILED DATE: 10/18/2022 4:56 PM   2022CH10287

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TION BELL and CHRISTIAN ZARAGOZA,
individually and on behalf of all others similarly
situated,

        *Plaintiff,*

    v.

PETCO ANIMAL SUPPLIES STORES, INC.
        *Defendant.*

and HONEYWELL INTERNATIONAL, INC

       *Respondent in Discovery*

Case No.:  2022CH10287

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

    This is a proposed class action lawsuit for violations of the Biometric Information Privacy Act ("the Act"). Tion Bell and Christian Zaragoza ("Plaintiffs") allege that Defendant violated the Act by collecting, possessing, and transferring Plaintiff's and the proposed class's biometric voiceprints, voice patterns or templates and information through Defendant's Vocollect technology without following the Act's requirements. Class Action Complaint ("Compl.") ¶¶ 3-4, 24-28, 42-62. Plaintiff files this Motion for Class Certification under guidance from the Illinois Supreme Court to avoid a mootness issue that may result from a tender to Named Plaintiff. *See Barber v. Am. Airlines, Inc.*, 948 N.E.2d 1042, 1045 (Ill. 2011) ("the important consideration in determining whether a named representative's claim is moot is whether that representative filed a motion for class certification prior to the time when the defendant made its tender.") (citations omitted); *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 48 N.E.3d 1060, 1069 (Ill. 2015) ("Simply put, defendant's tender of relief, "partial" or otherwise, after plaintiffs filed its

1

FILED DATE: 10/18/2022 4:56 PM   2022CH10287

class certification motion could not render moot any part of plaintiffs' pending action") (footnote and citation omitted).

Named Plaintiffs' moves to certify the following class:[1]

All persons who had their voiceprints, voice patterns collected, captured, received, otherwise obtained, or disclosed by the Defendant while in Illinois ("the Class").

The proposed Class meets the requirements for class certification under 735 ILCS 5/2-801 (numerosity, commonality, adequacy, and appropriateness).

First, the Class is too numerous for joinder to be practical because it has more than 50 members. Compl. ¶ 31. As a result, the numerosity requirement in 735 ILCS 5/2-801(1) is satisfied. *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348, at *2 (Ill. Cir. Ct. Oct. 19, 2004) ("Although there is no bright line test to determine numerosity, the Illinois courts generally follow the reasoning that greater than 40 parties satisfies numerosity, but less than 25 people is insufficient." (citation omitted).

Second, there are common questions of law or fact that predominate over questions affecting only individual members, including: whether Defendant required the Class to provide their voiceprints, voice patterns; whether Defendant collected the Class's "biometric identifiers" or "biometric information" under the Biometric Information Privacy Act; and whether Defendant complied with the procedures in 740 ILCS 14/15(a), (b), and (d) of the Biometric Information Privacy Act. ¶ 33. These uniform factual and legal determinations satisfy 735 ILCS 5/2-801(2). *See Ramirez v. Midway Moving & Storage, Inc.*, 880 N.E.2d 653, 658 (Ill. App. 1st Dist. 2007)

---

[1]     Named Plaintiffs reserves the right to amend this class definition and supplement this motion based on information obtained in discovery.

FILED DATE: 10/18/2022 4:56 PM    2022CH10287

(common questions of law and fact predominate where the potential class challenged the Defendant's "uniform policy.").

Third, Named Plaintiffs will fairly and adequately protect the interests of the Class because their claims are coextensive with those of the Class, he has no interests antagonistic to the Class, and he is not subject to unique defenses. *See Walczak v. Onyx Acceptance Corp.*, 850 N.E.2d 357, 371 (Ill. App. 2d Dist. 2006) (finding adequacy requirement in 735 ILCS 5/2-801(3) satisfied where "plaintiffs [were] in the same position as all putative class members").

Finally, a class action is an appropriate method for the fair and efficient adjudication of this controversy because the lawsuit alleges that Defendant's common practices toward employees violated the Act. "Where the first three requirements for class certification have been satisfied, the fourth requirement may be considered fulfilled as well." *Id.*

The United States District Courts for the Northern District of Illinois and the Northern District of California certified class actions under Rule 23(b)(3) of the Federal Rules of Civil Procedure in cases alleging violations of the Act. *Alvarado v. Int'l Laser Prods., Inc.*, Case No. 1:18-cv-7756, 2019 WL 333795, at *1 (N.D. Ill. June 19, 2019) (claims by employees alleging violations of the Act based on the defendant's biometrics); *In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 549 (N.D. Cal. 2018) (claims by Facebook users who alleged that the defendant collected their biometric identifiers and information from their social media photos).

WHEREFORE, for the foregoing reasons, Named Plaintiff requests that the Court:

A. Enter and continue this motion and enter an order allowing expedited limited class certification discovery;

B. Set a schedule for Named Plaintiff to file supplemental evidentiary materials and a supporting memorandum of law; and

C. Such other relief as this Court deems appropriate under the circumstances.

3

FILED DATE: 10/18/2022 4:56 PM    2022CH10287

Dated:  October 18, 2022                     Respectfully submitted,

                                             /s/*Mara Baltabols*
                                             **Attorney for Plaintiffs**

                                             Mara Baltabols
                                             Fish Potter Bolanos, P.C.
                                             200 E 5th Ave Suite 123
                                             Naperville, Illinois 60563
                                             T: 312-861-1800
                                             Email:  docketing@fishlawfirm.com
                                             Cook County Firm ID#: 23522

Hearing Date: 2/15/2023 9:45 AM
Location: Court Room 2405
Judge: Reilly, Eve M

FILED
10/18/2022 11:18 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH10287
Calendar, 7
19934285

FILED DATE: 10/18/2022 11:18 AM  2022CH10287

**Summons for Discovery**          **(03/15/21) CCG 0514 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TION BELL and CHRISTIAN ZARAGOZA,

individually and on behalf of all others     Plaintiff(s)
similarly situated,       vs.

PETCO ANIMAL SUPPLIES STORES, INC.,

         Defendant(s)     Case No. _____

and

PLEASE SERVE

HONEYWELL INTERNATIONAL, INC.

Respondent in Discovery

### SUMMONS FOR DISCOVERY

To Respondent in Discovery:

YOU ARE HEREBY NOTIFIED that on _____//22_____ , a complaint, a copy of which is attached was filed in the above, Court naming you as a Respondent in Discovery. Pursuant to the Illinois Code of Civil Procedure Section 735 ILCS 5/2-402 and Supreme Court Rules 201 et. seq., and/or Court Order entered

on _____ , the above named Plaintiff(s) are authorized to proceed with the discovery of the named Respondent(s) in Discovery.

YOU ARE SUMMONED AND COMMANDED to appear for deposition, before a notary public (answer the attached written interrogatories), (respond to the attached request to produce), (or other appropriate discovery tool).

We are scheduled to take the oral discovery deposition of the above named

Respondent, _____ on _____ , at the hour

of _____ ○ AM ○ PM, at the office _____ ,

Illinois, in accordance with the rules and provisions of this Court. Witness and mileage fees in the amount

of $ _____ are attached (or) (serve the following interrogatories, request to produce, or other

appropriate discovery tool upon Respondent, _Honeywell International, Inc._____ to be answered

under oath by Respondent, _Honeywell International, Inc._____ and delivered to the office

of _Fish Potter Bolanos, P.C._____ , lllinois, within 28 days from date of

service).

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Summons for Discovery                                                 **(03/15/21) CCG 0514 B**

FILED DATE: 10/18/2022 11:18 AM 2022CH10287

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**TO THE OFFICER/SPECIAL PROCESS SERVER:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement or affidavit of service and fees and an endorsement or affidavit of payment to the Respondent of witness and mileage fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed.

Date of Service _____
(To be inserted by officer on copy left with Respondent or other person.)

Dated: _____
          10/18/2022 11:18 AM IRIS Y. MARTINEZ

Atty. No.: 23522 _____

Name: Fish Potter Bolanos, P.C. _____

Witness: _____

Atty. for: Plaintiffs _____

Address: 200 E. 5th Avenue, Suite 123 _____

City: Naperville _____

State: IL _____ Zip: 60563 _____

Telephone: 312-8611800 _____

Primary Email: docketing@fishlawfirm.com _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

FILED DATE: 10/18/2022 11:18 AM   2022CH10287

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 3 of 3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
10/19/2022 5:10 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH10287
Calendar, 7
19965547

TION BELL and CHRISTIAN ZARAGOZA,
individually and on behalf of all others similarly
situated,

     *Plaintiffs*,

  v.

PETCO ANIMAL SUPPLIES STORES, INC.

     *Defendant*.

and HONEYWELL INTERNATIONAL, INC

    *Respondent in Discovery*

Case No.: 2022CH10287

## <u>NOTICE OF MOTION</u>

  PLEASE TAKE NOTICE that on **November 16, 2022 at 9:30 am**, or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Eve M. Reily in Courtroom 2405 of the Circuit Court of Cook County, Illinois, located at 50 W. Washington in person or via Zoom to present the **<u>Plaintiff's Motion for Class Certification</u>**, a copy of which is attached hereto and hereby served upon you.

Dated: October 19, 2022

      Respectfully submitted,

      **TION BELL and CHRISTIAN ZARAGOZA,
      individually and on behalf of all others similarly
      situated.**

     By:  /s/ Mara Baltabols
        Attorney for Plaintiffs

Mara Baltabols
Fish Potter Bolanos, P.C.
200 E 5th Ave Suite 123
Naperville, Illinois 60563
T: 312-861-1800
Email: docketing@fishlawfirm.com
Cook County Firm ID#: 23522

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| TION BELL and CHRISTIAN ZARAGOZA, et al. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  2022CH 10287 |
| ) | |
| PETCO ANIMAL SUPPLIES STORES, INC. ) | |
| and HONEYWELL INTERNATIONAL, INC., ) | |
| Respondent in Discovery, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF FILING**

To:     Erin Bolan Hines – Email: ehines@shb.com
Shook, Hardy & Bacon, L.L.P., 111 S. Wacker Dr., Ste. 4700, Chicago, IL 60606

PLEASE TAKE NOTICE that November 1, 2022, I filed with the Circuit Court of Cook County, Chicago, Illinois the **Notice and Acknowledgement of Receipt of Summons and Complaint Executed by Erin Hines Bolan of Shook, Hardy & Bacon, L.L.P.** , a copy of which is attached hereto and hereby served upon you.

Dated: November 1, 2022                     Respectfully submitted,

                                            **PLAINTIFF** individually and on behalf of all others
                                            similarly situated,

                               By:     /s/ Mara Baltabols_____
                                       One of Plaintiffs' Attorneys

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2022, a copy of the within instrument was filed via the Court's approved electronic filing service provider, which will automatically serve and send notification of such filing to all parties who have appeared and have not until this point been found by the Court to be in default for failure to plead. Additionally, a true and correct copy was served on those parties by email pursuant to Illinois Supreme Court Rule 11.

                               By:     /s/Mara Baltabols_____
                                       One of Plaintiffs' Attorneys

FISH, POTTER BOLAOS, P.C.
200 E 5th Ave., Suite 123
Naperville, IL 60563
(630) 355-7590
admin@fishlawfirm.com
Cook County Atty No. 23522

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TION BELL and CHRISTIAN ZARAGOZA,
individually and on behalf of all others similarly situated,

Plaintiff(s)    Case No.    _2022CH10287_

vs.

PETCO ANIMAL SUPPLIES STORES, INC.
and HONEYWELL INTERNATIONAL, INC Respondent in Discovery

Defendant(s)

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

PETCO ANIMAL SUPPLIES STORES, INC,

To: _c/o Prentice Hall Corporation_    Address: _801 Adlai Stevenson Drive_
           (Name)

City: _Springfield_    State: _IL_    Zip: _62703_

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within ____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within ____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within ____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _10-18-2022_ .

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile. illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp.**

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name:  Erin Bolan Hines/Shook, Hardy & Bacon L.L.P.

Address:  111 S. Wacker Dr., Suite 4700

City:  Chicago                    State:  IL    Zip:  60606

Email:  ehines@shb.com

Relationship to Entity/Authority to Receive Service of Process:  Attorney
(Not applicable if your are the named Defendant or Respondent.)

Dated:  11/1/2022

Signature

\*    (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\*   (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.