# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TION BELL and CHRISTIAN ZARAGOZA, individually and on behalf all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21-cv-06455 |
| v. | ) ) | |
| PETCO ANIMAL SUPPLIES STORES, INC., | ) ) | |
| Defendant. | ) | |

## <u>STIPULATION OF CLASS ACTION SETTLEMENT</u>

This Stipulation of Class Action Settlement is entered into by and among Plaintiffs Tion Bell and Christian Zaragoza ("Plaintiffs"), for themselves individually and on behalf of the Settlement Class, and Defendant Petco Animal Supplies Stores, Inc. ("Defendant") (Plaintiffs and Defendant are referred to individually as a "Party" and collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims upon and subject to the terms and conditions hereof, and is subject to the approval of the Court.

## <u>RECITALS</u>

On October 18, 2022, Plaintiffs filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, alleging a claim for damages and an injunction under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), allegedly arising from Defendant's use of a Vocollect order picking system at its distribution center in Illinois (the "Action"). Subsequently, Defendant removed the Action to the United States District Court for the Northern District of Illinois, on November 17, 2022 where it was assigned to the Honorable Manish S. Shah.

Following arms-length negotiations, the Parties have agreed to enter into this Settlement Agreement. Plaintiffs and Class Counsel have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class recognizing: (i) the existence of complex and contested issues of law and fact; (ii) the risks inherent in litigation; (iii) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (iv) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation, and the expense thereof, as well as the potential of no recovery whatsoever.

Defendant has denied and continues to deny all allegations of wrongdoing or liability for the claims asserted in the Action. Neither the fact of this Settlement, nor of the Settlement Agreement, nor any other Settlement documents, including the previously executed Settlement Term Sheet and communications in relation to the Settlement, shall be offered, used or received in this case for any purpose other than seeking approval of and effectuating the Settlement, or offered, used or received in any other case or proceeding for any purpose, whether as an argument, admission, concession, evidence or otherwise, including, but not limited to, relating to the validity of any claim or defense that was or could have been asserted in the Action, the truth of any fact alleged by any Party, or the appropriateness of class certification, or as evidence of any admission by Defendant of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiffs that they would not have prevailed on liability on any of their claims. Any representation that could be construed as a stipulation or admission by Defendant or Plaintiffs contained in any document pertaining to the Settlement is made for settlement purposes only. In the event the Court does not enter the Final Approval Order and

Judgment, nothing contained herein shall be construed as a waiver by Defendant of any arguments against class certification, liability, and relief in this Action or any other case or proceeding, or by Plaintiffs of their contention that class certification is appropriate in the Action or in any other case or proceeding. Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate the Settlement. If the Court does not enter the Final Approval Order and Judgment, or if for any other reason final approval of the Settlement does not occur, including, without limitation, because the Settlement Agreement is lawfully terminated, is successfully objected to, or successfully challenged on appeal, any certification of the Settlement Class will be vacated and deemed null and void, the Parties will be returned to their positions with respect to the Action as if the Settlement Agreement had not been entered into, and the fact of certification shall not be cited by the Parties, used on behalf of any Party for any purpose, or be admissible in any proceeding for any purpose or with respect to any issue, substantive or procedural, including, but not limited to, whether any group of individuals exists to maintain a class action under Illinois law, Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules.

The Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests, and the best interest of the Settlement Class, considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement.

In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be fully and finally settled and compromised, that the Releasors release the Released Parties of the Released Claims, and that

the Action be dismissed with prejudice, subject to the approval of the Court, on the following terms and conditions.

## AGREEMENT

**1. DEFINITIONS**

As used herein, in addition to any definitions set forth elsewhere in this Settlement Agreement, the following terms shall have the meanings set forth below:

1.1 **"Action"** means the case captioned *Tion Bell, et al. v. Petco Animal Supplies Stores, Inc.* Case No. 1:21-cv-06455 (N.D. Ill.).

1.2 **"Agreement"** or **"Settlement Agreement"** means this Stipulation of Class Action Settlement.

1.3 **"Class Counsel"** means attorneys David Fish and Mara Baltabols of Fish Potter Bolaños PC.

**1.4 "Class Period"** means October 18, 2017 through the date of preliminary approval.

1.5 **"Class Representatives"** means the named Plaintiffs in the Action, Tion Bell and Christian Zaragoza.

1.6 **"Court"** means the United States District Court for the Northern District of Illinois, Eastern Division.

1.7 **"Defendant"** means Petco Animal Supplies Stores, Inc.

1.8 **"Defendant's Counsel"** means attorneys Erin Bolan Hines and Hayley H. Ryan of Cozen O'Connor.

1.9 **"Effective Date"** means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date

DocuSign Envelope ID: 84F396D0-0BC4-4BEA-AC66-64ADE3671072

of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Judgment.

1.10 **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendant at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the Escrow Account.

1.11 **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel to be paid out of the Settlement Fund.

1.12 **"Final Approval Hearing"** means the hearing before the Court where the Plaintiffs will request that the Final Judgment be entered by the Court finally approving the Settlement as fair, reasonable and adequate, and approving the Fee Award and the incentive award to the Class Representatives.

DocuSign Envelope ID: 84F396D0-0BC4-4BEA-AC66-64ADE3671072

1.13    "**Final Judgment**" means the final judgment to be entered by the Court approving the settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing.

1.14    "**Net Settlement Amount**" Gross Settlement Amount less Class Counsel's fees and litigation costs, the incentive awards, and settlement administration costs, including notice costs, and any other costs associated with the Settlement.

1.15    "**Notice**" means the notice of this proposed Settlement and Final Approval Hearing, which is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibit A attached hereto.

1.16    "**Notice Date**" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of Preliminary Approval.

1.17    "**Objection/Exclusion Deadline**" means the date by which a written objection to the Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be filed with the Court and/or postmarked, which shall be designated as a date forty-two (42) days after the Notice Date, as approved by the Court. The Objection/Exclusion Deadline will be set forth in the Notice.

1.18    "**Person**" shall mean without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental

6

DocuSign Envelope ID: 64F396D0-0BC4-4BEA-AC66-64ADE3671079

agencies or governmental actors, including, without limitation, any state Attorney General office.

      1.19    "**Plaintiffs**" means Tion Bell and Christian Zaragoza.

      1.20    "**Preliminary Approval**" means the Court's Order preliminarily approving the Agreement, certifying the Settlement Class for settlement purposes, and approving the form and manner of the Notice.

      **1.21**    "**Released Claims**" Any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, suits, actions, liabilities, controversies, demands,  causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, or obligations, whether in law or equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on The Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") or other federal, state, local statutory, or common law or any other law, against the Released Parties or any of them, arising out of or related to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, capture, storage, use, profit from, possession, transmission, dissemination  and/or disclosure of workers' biometric identifiers and biometric information under BIPA, including all claims that were brought or could have been brought  in The Lawsuit by Plaintiffs and/or any Class Member.

      1.22    "**Released Parties**" means Defendant and its current and former, direct and indirect, owners, affiliates, parents, subsidiaries, divisions, and holding companies, including each such entity's predecessors, successors and assigns, and their respective principals, members, trustees, administrators, executors, officers, directors, members, shareholders, agents,

representatives, limited partners, employees, attorneys, accountants, servants, receivers, financial and other advisors, consultants, partnerships, divisions, independent contractors, investment bankers, brands, insurers, reinsurers, benefit plans, underwriters, lenders, estates, trusts, beneficiaries, landlords, vendors, licensees, lessors, lessees, sub-lessees, tenants, franchisees, franchisors, and joint venturers.

1.23 "**Releasing Parties**" means Plaintiffs and Settlement Class Members and each of their predecessors, successors, heirs, executors, administrators, beneficiaries, conservators, and assigns of each of the foregoing, and anyone claiming by, through, under, in concert with, or on behalf of them.

1.24 "**Settlement Administration Expenses**" means the expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, providing Notice, mailing checks for Settlement Payments, other such related expenses, with all such expenses to be paid from the Settlement Fund.

1.25 "**Settlement Administrator**" means Analytics Consulting LLC, subject to approval of the Court, which will provide the Notice and sending of Settlement Payments to Settlement Class Members.

**1.26 "Settlement Class"** means All individuals who used the Vocollect voice technology at Defendant's locations in Illinois between October 18, 2017 and the date of Preliminary Approval. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request

for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons.

1.27     "**Settlement Class Member**" or "**Class Member**" means a person who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

**1.28**     "**Settlement Fund**" or "**Gross Settlement Amount**" means the amount paid by Defendant into the Escrow Account which shall be $445,000. This amount is based upon $1,000.00 per Class Member and assumes a class size of 445. The Settlement Fund shall be used to pay (1) all payments to Settlement Class members, (2) notice and administration costs, (3) an incentive award of no more than $5,000.00 to each of the named Plaintiffs to be decided by the Court, and (4) reasonable attorneys' fees and costs to be decided by the Court.  The Settlement Fund represents the total extent of the Defendant's monetary obligations except that in the event that the class size increases, then the Gross Settlement Amount shall increase proportionately, *i.e.*, if one or more additional members are discovered after the Parties execute this Settlement Term Sheet, the Gross Settlement Amount shall increase by $1,000 per each additional Class Member.

1.29     "**Settlement Payment**" means a pro rata amount of the Net Settlement Amount issued by check in the mail, after notice costs, an incentive award, and reasonable attorneys' fees and costs are deducted. No claims procedure will be required.

1.30     "**Unknown Claims**" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to

DocuSign Envelope ID: 64F30699-0BC4-4B5A-AC66-64ADE2674079

agree, to object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the

Settlement Class, and the Releasing Parties shall be deemed to have, and shall have, expressly

waived and relinquished, to the fullest extent permitted by law, the provisions, rights and

benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have,

waived any and all provisions, rights and benefits conferred by any law of any state, the District

of Columbia or territory of the United States, by federal law, or principle of common law, or the

law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to

Section 1542 of the California Civil Code. Plaintiffs, the Settlement Class, and the Releasing

Parties acknowledge that they may discover facts in addition to or different from those that they

now know or believe to be true with respect to the subject matter of the Released Claims or the

Action, but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Section.

**2.  SETTLEMENT RELIEF**

2.1  **Settlement Payments to Settlement Class Members**.

      a.  The Settlement Administrator shall send each Settlement Class Member a

Settlement Payment by check from the Settlement Fund within twenty-eight (28) days of

the Effective Date via First Class U.S. Mail to their last known mailing address, as

updated through the NCOA database by the Settlement Administrator. No claims

procedure will be required. Defendant shall provide the last known name and address for

each member of the Settlement Class.

        b.       All Settlement Payments will state on the face of the check that the check will expire and become null and void unless cashed within 120 days after the date of issuance.

        **c.**       To the extent that a check issued to a Settlement Class Member is not cashed within 120 days after the date of issuance, those funds will be paid as follows: 50% shall be returned to the Defendant and 50% to Petco Love, or such other *cy pres* as ordered by the Court.

    2.2    **Prospective Relief.** Without admitting liability or that it was required by law to do so, Defendant agrees that it shall not collect biometric data, including voiceprint data, from persons in Illinois without compliance with BIPA going forward.

    2.3    **RELEASE**

    **3.**    **The Release.** Upon the date of any final judgment, Plaintiffs, each Settlement Class member, and each of their predecessors, successors, heirs, executors, administrators, beneficiaries, conservators, and assigns of each of the foregoing, and anyone claiming by, through, under, in concert with, or on behalf of them, will be deemed to have released and forever discharged Defendant, Petco Animal Supplies Stores, Inc., and its current and former, direct and indirect, owners, affiliates, parents, subsidiaries, divisions, and holding companies, including each such entity's predecessors, successors and assigns, and their respective principals, members, trustees, administrators, executors, officers, directors, members, shareholders, agents, representatives, limited partners, employees, attorneys, accountants, servants, receivers, financial and other advisors, consultants, partnerships, divisions, independent contractors, investment bankers, brands, insurers, reinsurers, benefit plans, underwriters, lenders, estates, trusts,

DocuSign Envelope ID: 64F30659-0BC4-4B5A-AC66-64ADE2674079

beneficiaries, landlords, vendors, licensees, lessors, lessees, sub-lessees, tenants, franchisees, franchisors, and joint venturers (the "Released Parties"), from any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, suits, actions, liabilities, controversies, demands, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees, or obligations, whether in law or equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on The Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") or other federal, state, local statutory, or common law or any other law, against the Released Parties or any of them, arising out of or related to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the collection, capture, storage, use, profit from, possession, transmission, dissemination and/or disclosure of workers' biometric identifiers and biometric information under BIPA, including all claims that were brought or could have been brought in The Lawsuit by Plaintiffs and/or any Class Member (the "Released Claims").

## 4. NOTICE TO THE CLASS

4.1     The Notice shall include:

a.      *Class List*. Defendant shall provide to Class Counsel and the Third-Party Administrator a Class List, containing the names, e-mail addresses, and last known mailing addresses of each Class Member, to the extent such information is readily available (the "Class List") as soon as practicable, but by no later than twenty-one (21) days after the execution of this Agreement by all of the parties. The Class List may not be used for any purpose other than mailing Settlement Payments, and otherwise effectuating the terms of the Settlement Agreement

or the duties arising thereunder, including the provision of Notice of the Settlement and communicating with Class Members.

        b.      *Direct Notice.* The notice plan shall include direct notice via U.S. Mail and e-mail (if readily available). No later than the Notice Date, the Settlement Administrator shall mail a mutually agreed-upon notice of the Settlement to all persons appearing on the Class List. The notice will contain a toll-free number that Settlement Class Members can call with questions about the Settlement or their eligibility to receive a monetary payment. The Settlement Administrator shall also perform one skip trace only on returned mail and shall send a second notice mailing to a second address for anyone identified with a second address by either the post office or the skip trace.

        **Right to Object or Comment.** Any Settlement Class Member who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes themselves or herself to be a member of the Settlement Class, (c) the specific grounds for the objection, including all citations to legal authority and evidence supporting the objection, (d) all documents or writings that the Settlement Class Member desires the Court to consider, (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac vice* admission). All written objections must be filed with the Court and postmarked, e-mailed

13

DocuSign Envelope ID: 64F30699-0BC4-4B5A-AC66-64ADE3674079

or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Exclusion Deadline. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

1.31    **Right to Request Exclusion.** Settlement Class Members shall be allowed 60 days from sending of the Notice to opt-out of the Settlement Class. Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Exclusion Deadline. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name*;* (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be physically signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. Each request for exclusion must also contain a statement to the effect that "I/We hereby request to be excluded from the proposed Settlement Class in *Tion Bell, et al. v. Petco Animal Supplies Stores, Inc.* Case No. 1:21-cv-06455 (N.D. Illinois)." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this

DocuSign Envelope ID: 64F30659-0BC4-4B5A-AC66-64ADE3674079

Settlement Agreement, if approved. Any person who elects to request exclusion from the Settlement Class shall not (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

5.  **SETTLEMENT ADMINISTRATION**

    5.1  **Settlement Administrator's Duties.**

        a.  *Dissemination of Notices.* The Settlement Administrator shall disseminate the Notice as provided in Section 4 of this Settlement Agreement.

        b.  *Maintenance of Records.* The Settlement Administrator shall maintain reasonably detailed records of its activities under this Settlement Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. Upon request, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Notice, administration and implementation of the Settlement.

        c.  *Receipt of Requests for Exclusion.* The Settlement Administrator shall receive requests for exclusion from Persons in the Settlement Class and provide to Class Counsel and Defendant's Counsel a copy thereof within five (5) days of the Objection/Exclusion Deadline. If the Settlement Administrator receives any requests for

exclusion or other requests from Settlement Class Members after the deadline for the submission of requests for exclusion, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

e.     *Timing of Settlement Payments.* The Settlement Administrator shall make all Settlement Payments contemplated in Section 2 of this Settlement Agreement by check and mail them to Settlement Class Members within twenty-eight (28) days after the Effective Date.

## 6.  PRELIMINARY APPROVAL AND FINAL APPROVAL

6.1     **Preliminary Approval.** Promptly after execution of this Settlement Agreement, Class Counsel shall submit this Settlement Agreement to the Court and shall move the Court to enter an order granting Preliminary Approval, which shall include, among other provisions, a request that the Court:

a.     Appoint Plaintiffs as Class Representatives of the Settlement Class;

b.     Appoint Class Counsel to represent the Settlement Class;

c.     Certify the Settlement Class under Federal Rule of Civil Procedure 23, for settlement purposes only;

d.     Preliminarily approve this Settlement Agreement for purposes of disseminating Notice to the Settlement Class;

e.     Approve the form and contents of the Notice and the method of its dissemination to members of the Settlement Class; and

f.     Schedule a Final Approval Hearing to review comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider whether the Court shall issue a Final Judgment approving this

DocuSign Envelope ID: 64F30699-0BC4-485A-AC66-64ADE2674079

Settlement Agreement, to consider Class Counsel's application for the Fee Award and the incentive awards to the Class Representatives, and dismissing the Action with prejudice.

6.2    Defendant's agreement as to certification of the Settlement Class is solely for purposes of effectuating the Settlement and no other purpose. Defendant retains all of its objections, arguments, and defenses with respect to class certification and any other issue, and reserves all rights to contest class certification and any other issue if the Settlement set out in this Agreement does not result in entry of the Final Approval Order and Final Judgment, if the Court's approval is reversed or vacated on appeal, if this Settlement is terminated as provided herein, or if the Settlement set forth in this Settlement otherwise fails to become effective. The Parties acknowledge that there has been no stipulation to any classes or certification of any classes for any purpose other than effectuating the Settlement, and that if the Settlement set forth in this Settlement Agreement is not finally approved, if the Court's approval is reversed or vacated on appeal, if this Settlement Agreement is terminated as provided herein, or if the Settlement set forth in this Settlement Agreement otherwise fails to become effective, this agreement as to certification of the Settlement Class becomes null and void ab initio, and this Settlement Agreement or any other settlement-related statement may not be cited regarding certification of the Class, or in support of an argument for certifying any class for any purpose related to this Action or any other proceeding.

6.3    **Final Approval.** After Notice to the Settlement Class is given, Class Counsel shall move the Court for entry of a Final Judgment, which shall include, among other provisions, a request that the Court:

a.      find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

b.      approve the Settlement as fair, reasonable and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions; and declare the Settlement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and all other Settlement Class Members and Releasing Parties;

c.      find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of the Court;

d.      find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

e.      dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

f.      incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

g.      permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

h.      authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Judgment, and (ii) do not limit the rights of Settlement Class Members; and

i.      without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

6.4     **Cooperation.** The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

## 7.  TERMINATION OF THE SETTLEMENT AGREEMENT

7.1     **Termination.**  Subject to Paragraph 9 below, the Class Representatives, on behalf of the Settlement Class, or Defendant, shall have the right to terminate this Agreement by providing written notice of the election to do so to all other Parties hereto within ten (10) days of any of the following events: (i) the Court's refusal to grant Preliminary Approval of this

DocuSign Envelope ID: 64F30699-0BC4-4B5A-AC66-64ADE3674079

Agreement in any material respect; (ii) the Court's refusal to grant Final Approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment, as defined in Paragraph 9.1 of this Agreement, is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

7.2 **Voidability:** If more than 2.5% of individuals on the final class list properly and timely opt-out of the Settlement, then Defendant may, but is not obligated to, void the Settlement Agreement. If the Defendant revokes the Settlement Agreement, the Parties will engage in a good faith effort to reach a modified settlement. If the Parties are unable to reach an agreement, the Lawsuit will proceed as if there was no attempt at settlement and the Parties will return to their positions prior to the filing of the motion for preliminary approval of the Settlement Agreement.

## 8. INCENTIVE AWARD AND CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

8.1 Defendant does not oppose that Class Counsel is entitled to reasonable attorneys' fees and unreimbursed expenses incurred in the Action as the Fee Award. The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to one third of the Settlement Fund plus unreimbursed costs. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Settlement Fund and be distributed to Settlement Class Members as Settlement Payments.

8.2     Class Counsel shall be paid the Fee Award within ten (10) business days after the Effective Date, in an amount determined by the Court, from the Settlement Fund. Payment of the Fee Award shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer.

8.3     Defendant does not oppose that the Class Representatives shall be paid an incentive award of no more than the amount of Five Thousand Dollars ($5,000.00) each from the Settlement Fund, in addition to any Settlement Payment pursuant to this Settlement Agreement, subject to Court approval. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Section shall remain in the Escrow Account and be distributed to Settlement Class Members as Settlement Payments. Any award shall be paid from the Escrow Account (in the form of a check to the Class Representatives that is sent care of Class Counsel) within ten (10) business days after the Effective Date.

9.      **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

9.1     The Effective Date shall not occur unless and until each and every one of the following events occurs, and shall be the date upon which the last (in time) of the following events occurs:

a.      This Agreement has been signed by the Parties, Class Counsel and Defendant's Counsel;

b.      The Court has entered an order granting Preliminary Approval of the Agreement;

c.      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in

DocuSign Envelope ID: 64F30609-0BC4-4B5A-AC66-64ADE3674079

the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment substantially consistent with this Settlement Agreement that has become final and unappealable; and

        d.     In the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") to which the Parties have consented, that Alternative Judgment has become final and unappealable.

    9.2    The Settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments, or modifications are agreed to in writing between the Parties or as otherwise set forth herein). All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, any Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

        a.     This Settlement Agreement is changed in any material respect, as interpreted by either Party (except as detailed further herein), to which the Parties have not agreed in writing;

        b.     The Court refuses to grant Preliminary Approval of this Agreement in any material respect;

        c.     The Court refuses to grant Final Approval of this Agreement in any material respect; or

        d.     The Court refuses to enter a final judgment that enters the Final Approval Order in this Action in any material respect.

The Defendant also shall have the right, in its sole discretion, to withdraw from the Settlement Agreement if 2.5% or more proposed Settlement Class Members exclude themselves from the Settlement. If the Defendant wishes to exercise this right, it may do so by giving notice to Class Counsel within ten (10) days of the Settlement Administrator providing Class Counsel and

Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class. In such circumstance, the Defendant shall have no further obligation under the Agreement.

9.3     If this Settlement Agreement is terminated or fails to become effective for the reasons set forth above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Settlement Agreement had never been entered into, and the Parties will negotiate in good faith to propose a new schedule for the Action.

**10.     MISCELLANEOUS PROVISIONS.**

10.1     The Parties agree that Defendant, in agreeing to the Settlement of this Lawsuit, expressly denies any liability or wrongdoing of any kind associated with the claims asserted by Plaintiffs and Class Members, and that by entering into the Settlement, does so solely for purposes of avoiding the costs and disruption of on-going litigation and to settle any and all outstanding claims in the Lawsuit.

10.2     The Parties agree to seek further stay of the Lawsuit and further agree not to pursue discovery or otherwise prosecute any issues in the Lawsuit for the duration of the settlement approval process.

10.3     The individuals signing below represent that they have the authority to sign on behalf of their respective parties.  This Settlement Agreement is binding and contains all material terms of the Settlement.  An intervening change in law or court decision shall not invalidate the Settlement Agreement.

10.4    The Settlement Administrator shall not provide the list identifying Settlement Class Members and their last-known home addresses to Class Counsel.  To the extent Class Counsel learns the identity of and/or last-known home address of any Settlement Class Member(s) in connection with the Settlement Administration process, including but not limited to by Class Counsel being contacted by any Settlement Class Member(s) based on such Settlement Class Member(s) receiving Class Counsel's contact information on the Class Notice and/or Claim Form, Class Counsel shall not use that information for any purpose other than assisting Settlement Class Member(s) with the Settlement Administration process in this Lawsuit.  Class Counsel shall not use information obtained through the Settlement Administration process regarding the identity of and/or last-known home address of any Settlement Class Member(s) to solicit or notify any such Settlement Class Member(s) about any other currently-pending or future actions that such Settlement Class Member(s) may be able to join and/or bring.  Nothing in this Settlement Agreement shall restrict Class Counsel's ability and right to represent any Settlement Class Member(s) in any other currently-pending or future action in the event that such Settlement Class Member(s) independently approaches Class Counsel, without solicitation from Class Counsel, seeking representation in connection with their potential rights to assert claims against any entity.

10.5    Defendant represents that based on its present investigation of its records, there are 445 members in the Settlement Class. Defendant shall provide appropriate confirmatory discovery regarding the size of the Settlement Class in the form of an affidavit executed by an individual with personal knowledge of the methodologies used to determine the class size.

10.6    The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent

DocuSign Envelope ID: 64F306D9-0BC4-485A-AC66-64ADE3674079

reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking entry of an order granting Preliminary Approval of this Agreement and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

10.7    Each signatory to this Settlement Agreement represents and warrants (a) that he, she, or it has all requisite power and authority to execute, deliver and perform this Settlement Agreement and to consummate the transactions contemplated herein, (b) that the execution, delivery and performance of this Settlement Agreement and the consummation by it of the actions contemplated herein have been duly authorized by all necessary corporate action on the part of each signatory, and (c) that this Settlement Agreement has been duly and validly executed and delivered by each signatory and constitutes its legal, valid and binding obligation.

10.8    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

10.9    The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims hereby released. The Parties have read and understand fully this Settlement Agreement and have been fully advised as to the legal effect hereof by counsel of their own selection and intend to be legally bound by the same.

10.10    Whether the Effective Date occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the settlement:

a.   is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

b.   is, may be deemed, or shall be used, offered or received against Defendant as, an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

c.   is, may be deemed, or shall be used, offered or received against Plaintiffs or the Settlement Class, or each or any of them as an admission, concession or evidence of, the infirmity or strength of any claims asserted in the Action, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Action;

d.   is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Settlement Agreement, and any acts performed and/or documents executed in

26

DocuSign Envelope ID: 64F30609-0BC4-4B5A-AC66-64ADE3674079

furtherance of or pursuant to this Settlement Agreement and/or settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Settlement Agreement. Moreover, if this Settlement Agreement is approved by the Court, any party or any of the Released Parties may file this Settlement Agreement and/or the Final Judgment in any action that may be brought against such party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim;

      e.   is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      f.   is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Settlement Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.11   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.12   The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Settlement Agreement.

DocuSign Envelope ID: 64F30609-0BC4-4B5A-AC66-64ADE3674079

10.13    All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by reference.

10.14    This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.15    Except as otherwise provided herein, each Party shall bear its own attorneys' fees and costs incurred in any way related to the Action.

10.16    Plaintiffs represent and warrant that he has not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other Person or party and that he is fully entitled to release the same.

10.17    This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signature by digital, facsimile, or in PDF format will constitute sufficient execution of this Settlement Agreement. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Parties hereto submit to the

DocuSign Envelope ID: 64F30699-0BC4-4B5A-AC66-64ADE3674079

jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

10.19   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Illinois without reference to the conflicts of laws provisions thereof.

10.20   This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement, it shall not be construed more strictly against one Party than another.

10.21   Public Comments:   The Parties agree to respond to any and all media inquiries regarding the Settlement Agreement (to the extent the Party wishes to respond), once the Settlement is made public by the filing of a motion for preliminary approval of the Settlement Agreement, in the following manner:  "The Parties agreed to settle the litigation, without any admission or determination of liability, to avoid further costs and expenses and have no further comment." Plaintiffs and Class Counsel agree that their firm will not issue any press releases or otherwise publicize the Settlement to the media or other third parties. Plaintiffs and Class Counsel further agree that their firm will not disclose the terms of the Settlement on the firm's website. Plaintiffs shall not disclose the terms of the Settlement to any third parties apart from immediate family and financial advisors. For avoidance of doubt, this paragraph is not violated by the public filing of the Settlement Agreement with the court in connection with the settlement approval process.

10.22   Where this Settlement Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**CLASS REPRESENTATIVE**

Dated: 01/31/2024 14:31 UTC

By (signature): *Tion Bell*

Name (printed): Tion Bell

**CLASS REPRESENTATIVE**

Dated: 02/09/2024 17:46 UTC

By (signature): *Christian Zaragoza*

Name (printed): _____

**FISH POTTER BOLANOS, P.C.**

Dated: 02/09/2024 20:45 UTC

By (signature): *Mara Baltabols*

Name (printed): _____

**PETCO ANIMAL SUPPLIES STORES, INC.**

Dated: _____

By (signature): _____

Name (printed): _____

Its (title): _____

**COZEN O'CONNOR**

Dated: _____

By (signature): _____

Name (printed): _____

**CLASS REPRESENTATIVE**

Dated: _____     By (signature): _____

Name (printed): _____

**CLASS REPRESENTATIVE**

Dated: _____     By (signature): _____

Name (printed): _____

**FISH POTTER BOLANOS, P.C.**

Dated: _____     By (signature): _____

Name (printed): _____

**PETCO ANIM_____RES, INC.**

Dated: _2/7/2024_     By (signature): _Giovanni Insana_

Name (printed): _Giovanni Insana_

Its (title): _Chief Legal Officer and Secretary_

**COZEN O'CONNOR**

Dated: _2/9/2024_     By (signature): _____

Name (printed): _Erin Bolan Hines_