IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TION BELL AND CHRISTIAN ZARAGOZA, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br> v.<br><br>PETCO ANIMAL SUPPLIES STORES, INC.,<br><br>    *Defendant*, | Case No. 1:21-cv-06455<br><br>Hon. M. David Weisman |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiffs' Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiffs Tion Bell and Christian Zaragoza ("Plaintiffs"), and Petco Animal Supplies Stores, Inc. ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiffs and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2. The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting LLC, to Settlement Class Members by direct mail. The Notice and the methods of distribution satisfy due process, the

1

requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3. Zero Settlement Class Members submitted objections or excluded themselves from the Settlement.

4. The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

All individuals who used the Vocollect voice technology at Defendant's locations in Illinois between October 18, 2017 and the date of the preliminary approval order. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (4) the legal representatives, successors or assigns of any such excluded persons.

5. The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representatives and Settlement Class Members' claims weighed against the Defendant's defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports

approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6. The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7. The Court awards $10,453 to the Settlement Administrator, Analytics Consulting, LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

8. The Court approves and awards Settlement Class Counsel, Workplace Law Partners, P.C. (fka Fish Potter Bolaños, P.C.), 1/3 of the gross Settlement Fund, which amounts to $148,333.33 in attorney fees, and $406.28 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

9. The Court awards each Settlement Class Representative $5,000 as a Service Award, payable from the Gross Settlement Fund as described in the Settlement Agreement.

10. To the extent that a check issued to a Settlement Class Member is not cashed within 120 days after the date of issuance, those funds will be paid as follows: 50% shall be returned to the Defendant and 50% to Petco Love.

11. This matter is dismissed with prejudice.

Date: July 24, 2024

_____
Hon. M. David Weisman
U.S. Magistrate Judge

3